### RIESENBERG et v CINCINNATI (city) et

Ohio Appeals, 1st Dist, Hamilton Co

No 4917. Decided Jan 6, 1936

Riesenberg, Cohen & Steltenpohl, Cincinnati, for plaintiffs.

John D. Ellis, City Solicitor, Cincinnati, for defendants.

## OPINION

By HAMILTON, J.

The question for determination here is: Are the plaintiffs entitled to enjoin the collection of the assessment on the ground that it was illegal and unauthorized, by reason of the departure in the construction of the improvement from the resolution of necessity passed April 12, 1928.

The case of the **City of Cincinnati v Cincinnati & Spring Grove Avenue Co., 26 Oh St, 345**, is ample authority for the granting of the injunction as prayed for.

In the opinion the Supreme Court states: "No such improvement can be made, the cost of which is to be specially assessed, without the concurrence of two-thirds of all the members of the city council, unless two-thirds of the owners to be charged petition in writing therefor. In directing the execution of the work, a majority of the members of the council is all that is required."

This indicates why it was necessary to make the improvement substantially in conformity with the resolution of necessity. The improvement may be affected as well by subtracting from it as adding to it. The subtracting from the improvement, to-wit: the widening of the street by taking 3 feet from the sidewalk on each side is a substantially different improvement, and may have been of great importance to the assessed property holder.

Under the facts, the plaintiffs are entitled to the injunction as prayed for, and it is so decreed.

We are not, however, passing on the question of the validity of a re-assessment, upon the completion of the improvement in accordance with the original ordinance of necessity. It is suggested in the brief of counsel for plaintiffs that the delay of five years in completing the improvement is such a delay as would invalidate any new assessment. This would involve several questions of law, which we can not determine in this law suit.

Injunction granted.

ROSS, PJ, and MATTHEWS, J, concur.